# GENERAL TELEPHONE COMPANY OF PENNSYLVANIA

v.

## LOCALS 1635, 1636 AND 1637 AFL–CIO.

### Civ. A. No. 74–005 ERIE.

United States District Court,
W. D. Pennsylvania.

March 7, 1977.

Irving O. Murphy, Erie, Pa., for plaintiff.

William A. Johnson, McMurray, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, Chief Judge.

The case involves a claim that the exclusion of benefits for absence due to pregnancy from the employer's sick pay benefits is unlawful sex discrimination. The exclusion is contained in the collective bargaining agreement. The claim was submitted to arbitration under the agreement. The arbitrator found that such exclusion in the contract was "unenforceable, as creating an unlawful, discriminatory employment practice." The arbitrator relied upon Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act of 1955, which make discrimination on the basis of sex unlawful, and the guidelines of the administrative agencies which enforce these laws, which held disabilities due to pregnancy should be treated as other temporary disabilities are treated. In this decision the arbitrator anticipated the findings of an overwhelming majority of United States District Courts and the unanimous holdings of the United States Courts of Appeal which had considered the problem. However, this court stayed the determination of the present case until the decision of the United States Supreme Court should be rendered in *General Electric Co. v. Gilbert* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 [1976] which said that such exclusion was not gender-based discrimination.

■ Therefore, the arbitrator's decision is in manifest disregard of the law, *Ludwig*

*Honald Mfg. Co. v. Fletcher*, 405 F.2d 1123 [3rd Cir. 1969], and *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 [1953], and must be vacated.

■ The petitioner also argues that the arbitrator exceeded his powers under the collective bargaining agreement by going outside the agreement to determine the legality of the provision, Article XII, Sec. 9 of the agreement limits the authority of the arbitrator "only to interpret, apply or determine compliance with the provisions of this Agreement . . .". It has been observed that "the arbitrator should respect the agreement and ignore the law. There is no reason to credit arbitrators as a class with any special competence with respect to the law." Meltzer, B, *Labor Arbitration and . . . Employment Discrimination*, 39 U.Chi.L.R. 30, 33 [1971]. This is an interesting observation inasmuch as the court has noted in the past that a substantial number of arbitrators are drawn from the faculties of law schools. However, the Supreme Court agrees with the principle stated.

> "The arbitrator, however, has no general authority to invoke public laws that conflict with the bargain between the parties . . . If an arbitral decision is based 'solely on the arbitrator's view of the requirements of enacted legislation', rather than on an interpretation of the collective bargaining agreement, the arbitrator has 'exceeded the scope of his submission', and the award will not be enforced." *Alexander v. Gardner-Denver Co.* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 [1974].